# GUSRAE KAPLAN NUSBAUM PLLC

MELVYN J. FALIS, P.C.
DAVID A. GEHN
MARTIN H. KAPLAN
MAULEN KRUZHKOV**
LAWRENCE G. NUSBAUM
MARTIN P. RUSSO

ATTORNEYS AT LAW
120 WALL STREET
NEW YORK, NEW YORK 10005

TEL: (212) 269-1400
FAX: (212) 809-6447
www.gkblaw.com

BOCA CORPORATE CENTER
2101 NW CORPORATE BLVD., STE 218
BOCA RATON, FLORIDA 33431
TEL: (561) 910-5650
FAX: (561) 910-5652

OF COUNSEL
ROBERT L. BLESSEY
CIRINO M. BRUNO
BERT L. GUSRAE
HOWARD B. SIROTA

* MEMBER NY AND FLA BAR
** MEMBER NY AND NJ BAR

January 31, 2013

USDC SDNY
COUNSEL
BRIAN D. GRAIFMAN (x 627)
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/13

VIA FAX: 212-805-6382
Hon. Victor Marrero
U.S. Courthouse, S.D.N.Y.
500 Pearl Street, Room 660
New York, NY 10007

Re: Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, et al., Docket No. 1:11-cv-07707 (VM)(KNF)

Dear Judge Marrero:

We are counsel for defendants-appellants YLL Irrevocable Trust and Kochav S.A.R.L. ("YLL/Kochav") in the pending appeal at the Second Circuit of two orders of this Court referred to in the January 28, 2013 letter of Kolel counsel Ira S. Lipsuis, Esq. We here respond to that letter, as endorsed by the Court (Doc. 87), showing cause why the requested relief should be denied. Please note we have not filed any notice of appearance here in the district court, as seemingly unnecessary pending the appeal, although we can, should there be any further interim proceedings or should the Court so advise.

The relief sought can be summarily denied because Kolel has not shown a right to immediate payout on the disputed policy, no less absent a plenary action against the insurer (over which this Court might not have subject matter jurisdiction); and our informing the carrier(s) of the pending appeal and continuing dispute has been truthful and not in violation of any clear and unambiguous order prohibiting such conduct. Moreover, we have recently been informed that Kolel has inexcusably allowed one of the other disputed policies for Edith Goldstein, for $10 million face amount, secretly to *lapse* last year, resulting in forfeiture of the death benefit, wasting this asset over which the parties have been litigating. YLL/Kochav has reason to believe that Kolel intends to treat the other policies and proceeds as irresponsibly, which is why we have taken the reasonable commercial step of informing the insurance carriers of the status of the parties' dispute so as to preserve the parties' interests.

The predicate for Kolel's letter is this Court's confirmation of the arbitration interim award. The award is labeled in part "First Preliminary Decision" (12-cv-3005 ECF Doc. 1 at

GUSRAE KAPLAN NUSBAUM PLLC

Hon. Victor Marrero
January 31, 2013
Page 2

pgs. 60-61). The award states that it "is mandatory but preliminary, and is made without prejudice to such further proceedings as may be held herein" (*id.* at 2). This Court's decision itself recognized "that there are issues yet to be resolved between the parties" in "the next phase of the arbitration" (Doc 78 at 19-20 n.9). This Court's decision merely confirmed the interim arbitration award; the Court granted no injunctive relief. Moreover, there is indication by the award's timing that it awarded interim transference of the policies in order to facilitate payment of premiums, which was then pressing. The interim award does not purport to rescind the parties underlying agreement or fully resolve the parties' disputes concerning their rights and interests with respect to death benefits. Indeed, no determination was made specifically in the arbitration award about a payout upon an insured's death.

Kolel complains about letters we sent to the insurers in which we notified them of the pending appeal and the "interim" nature of the arbitration award, and thus the continued dispute over the policies' ownership. Kolel does not include any of the prior letters, but rather – out of context – our recent January 14 follow-up letter to John Hancock, notifying it of the death of Edith Goldstein, as insured, and requesting a restriction on the policies in order to maintain the status quo until all litigation has been fully and finally disposed. Mangling even our short follow-up letter, Kolel's request seriously misquotes it, placing a period and end-quote after our phrase informing that the "litigation is still proceeding" (Lipsius letter at 2, quoting Graifman letter at 2), whereas our letter actually continued at that point, "including a pending appeal at the U.S. Court of Appeals for the Second Circuit (Docket No. 12-3247-cv)."

Kolel requests an order directing written retraction of all our prior communications to any insurance company or person concerning any of the policies, but does not specify anything we communicated as untruthful or inaccurate. Kolel requests a general order directing YLL/Kochav "to cease and desist from interfering with Kolel's rights" in any of the policies, although it does not identify any such "right" interfered with, other than our notifying the insurers of the continued proceedings so they can take whatever steps they view as prudent.[1] If anything, with Kolel having allowed at least one policy to lapse, it would be more appropriate for the Court to order *Kolel* "to cease and desist from interfering with *YLL/Kochav's* contingent rights" in the corpus subject to the appeal and further arbitration, or at least to order Kolel to notify YLL/Kochav of the death of any insured and to provide it with copies of any notices of lapse or impending lapse. That would allow YLL/Kochav the opportunity to preserve the assets over which the parties are litigating (carriers are required by law to provide notice of impending policy lapses and to provide a grace period to allow payment of the premium required to cure the lapse). Should there be any relief granted as to a payout on the John Hancock policy, it should be applied to fund the other policies over which the parties continue to fight.

---

[1] Mr. Lipsius refers to some prior Kolel request for retraction letters (citing ECF Doc. 64), either denied or not addressed by the Court (Lipsius letter at 2). As Document 64 contains no such request, we have no idea what he is referring to.

GUSRAE KAPLAN NUSBAUM PLLC

Hon. Victor Marrero
January 31, 2013
Page 3

      Finally, Mr. Lipsius requests that the Court find YLL/Kochav and counsel to be in contempt of court, and be sanctioned, under 18 USC § 401, FRCP 70, and apparently even Local Rule 83.9(c) (service as a court mediator). Contempt findings, which are discouraged, require proof of violation of a "clear and unambiguous" order, with which the contemnor has not diligently attempted to reasonably comply. See Perez v. Danbury Hosp., 347 F.3d 419, 423-25 (2d Cir. 2003). Here, there is no clear and unambiguous court order that has been violated; our advice to the insurers has been truthful, prudent and unremarkable; and the insurers are sophisticated independent parties, not within or under our control, who have their own independent judgments concerning claims and death benefits.[2]

      Mr. Lipsius appears to be soliciting this Court's unwitting assistance to enable Kolel unfettered and unprotected access to disputed funds, even in face of Kolel's inexcusable conduct in allowing a $10 million policy to lapse, a matter for which YLL/Kochav intends to hold Kolel liable at the appropriate time. In the meantime, there is no legitimate issue concerning alleged contempt of this Court's orders, and no basis for a gag order or injunctive relief, and, accordingly, the Court should deny outright the relief requested in Kolel's letter.

      We thank the Court for the opportunity to address Kolel's request in the summary fashion it warrants.

Respectfully submitted,

Brian D. Graifman
(bgraifman@gusraekaplan.com)
(fax lines down since Hurricane Sandy)

*[Handwritten endorsement:]* Upon consideration of plaintiff's request set forth in the letter dated 1-18-13 (Docket No. 87) the Court is not persuaded that the relief requested is warranted. Accordingly, plaintiff's application for an order directing defendant insurers to desist from impeding litigation in this action is DENIED. SO ORDERED. 2-19-13 — VICTOR MARRERO, U.S.D.J.

Cc: Ira S. Lipsius & Phillip M. Manela, Esqs. (iral@lipsiuslaw.com, pmanela@lipsiuslaw.com)
Stephen Stern & Mark W. Geisler, Esqs. (srstern@hsrlawl.com, mgeisler@hsrlaw.com)
John D. Demmy, Esq. (JDD@stevenslee.com)

---

[2] In addition, any serious consideration to contempt here would require a more detailed motion and hearing; the standard of proof for civil contempt is clear and convincing evidence, and for criminal contempt proof beyond a reasonable doubt; all ambiguities must be resolved adverse to a finding of contempt; and any contempt determination should in the first instance be coercive with opportunity for purge. If the Court is inclined to consider Kolel's request, we would request a merits hearing consistent with due process, especially in that there are open issues with respect to the meaning of the order and award (which the arbitration agreement refers to the arbitration panel).