CA EXECUTION COPY

# CONTRACT OF ARBITRATION

KOLEL BETH YECHIEL MECHIL OF TARTIKOV, INC. ("Kolel"), on the one hand; YLL IRREVOCABLE TRUST ("YLL"), MERIDIAN TRUST COMPANY, as Trustee of YLL Irrevocable Trust ("Meridian"), and KOCHAV S.A.R.L., a LUXEMBOURG S.A.R.L. ("Kochav" and together with YLL and Meridian collectively referred to as the "YLL Parties" and the YLL Parties together with Kolel are sometimes collectively referred to as the "Parties" and individually a "Party"), on the other hand, hereby irrevocably and unconditionally submit to binding arbitration by the arbitration panel described herein (the "Arbitration") the Disputes, as defined in the Agreement defined below, as well as the items set forth in Paragraphs 4 and 5 of the Agreement and those matters described in the following attachments hereto:

1. Agreement, dated January 12, 2012 as well as the separate arbitration agreements signed by Stephen Friedman ("SF"), Chaim Babad "CB"), Sylvia Beilush ("SB"), Leibush Frenkel ("LF"), the Frenkel Purchasing Irrevocable Trust ("FPIT"), Kolel and Kochav (collectively, the "Agreement");
2. Fee and Indemnity Reserve Agreement;
3. Securities Account Control Agreement;
4. Separate Bais Din agreement by and between SF, CB and Kolel;
5. Separate Bais Din agreement by and between SB, LF, FPIT and Kochav;

(Items 1 through and including 5 above, collectively, the "Writings") and the Parties agree as follows:

1. All the terms of the Writings respecting the Parties' respective obligations and rights in connection with the Arbitration, except that to the extent of any inconsistency among all the Writings, the terms of this Contract of Arbitration (the "CA") shall govern.

2. In particular, to the extent any provision or term in the Writings may provide for or be construed to provide for the assignment of liability to Rabbi Kaufman or any other member of the Arbitration Panel (the "Members of the AP") for any act or omission whatsoever in connection with this Arbitration or otherwise, or the imposition upon the Members of the AP of any fee, cost or expense for any reason, the Parties hereby release the Members of the AP from any such obligation or, with respect to any third person, and shall, jointly and severally, defend and indemnify Rabbi Kaufman against any claim made against Rabbi Kaufman by any person arising therefrom and to fund or pay any such fee, cost or expense in a timely fashion.

3. No action, claim or proceeding may be filed, or demand for any other arbitration made, by any Party against any other Party or non-party arising from, related to or in connection with the Disputes within 30 days of the full execution hereof by all Parties. The Arbitrators are authorized to extend the 30 day period provided in this paragraph.

4. The arbitration shall be heard and determined by the following three arbitrators: Rabbi Alexander Grausz, Rabbi Moshe Bergman, and Rabbi Shlomo Zalman Kaufman. If Rabbi Kaufman withdraws due to incapacitation (e.g., serious illness or other severe personal emergency), the Parties hereby designate Rabbi Chaim Malinowitz as the neutral arbitrator in the place and stead of Rabbi Kaufman and for all purposes in this CA whenever Rabbi Kaufman is mentioned.

5. The fee for each of the arbitrators is $300 per hour. It is agreed that 50% of the arbitrators' fees and their expenses shall be paid by each party to the controversy.

6. Rabbi Kaufman, as neutral, may in his good faith discretion utilize such counsel as his legal representative for any reasonable and necessary purpose connected to the Arbitration, including but not limited to the defense of any claim brought against him by any person, including but not limited to the Parties, in connection with the Arbitration. The YLL Parties and Kolel will each pay 50% of the fees of Rabbi Kaufman's counsel and his associates, which shall not exceed $525 per hour in addition to disbursements, and shall each deposit $10,000 with Rabbi Kaufman to be held as a retainer against fees for Rabbi Kaufman's counsel, which Rabbi Kaufman shall remit pursuant to a representation agreement between him and his counsel pursuant to New York law. In the event the amount of this retainer shall fall below a total of $5,000, the Parties shall on notice from Rabbi Kaufman refresh the retainer in equal amounts to ensure that the balance of the retainer not fall below $5,000. The failure of either the YLL Parties and/or Kolel to deposit the aforementioned $10,000, and/or the failure of either the YLL Parties and/or Kolel to contribute its part to refresh the retainer as provided above, may be considered a delay caused by that Party, under Section Six (6) and/or Section Nine (9) of the Agreement, subject to the determination of Rabbi Kaufman as provided therein. The Parties acknowledge that Rabbi Kaufman's counsel is retained by Rabbi Kaufman personally, and owes no professional, fiduciary or other duty to any other person, including the Parties.

7. The Arbitrators shall make their award based upon Din Torah, compromise, settlement, or any other way they wish to reach a decision. The Arbitration shall take place pursuant to any procedures the Members of the AP may decide.

8. Each Party has the right to be represented by an attorney and/or rabbinic counsel (*to'en*) in the Arbitration at any time, but any Party may elect to proceed without an attorney or *to'en* and argue for themselves before the Arbitration Panel, and by doing so they waive any claim whatsoever based on that election.

9. The Members of the AP shall make all reasonable efforts to accommodate Parties and counsel with regard to scheduling but their decisions regarding the times, dates and locations for hearings shall be final.

10. The Parties waive the right to any specific form of notice of the time and place of arbitration proceedings and notice for any purpose shall be given in the manner most reasonable and practical under the circumstances.

11. The Arbitrators' exclusive jurisdiction over the Arbitration shall and does continue until their final award is issued and thereafter as provided in Section 25(g) of the Agreement, or as otherwise determined by them.

12. The Members of the AP need not disclose, to the Parties or to anyone else the halachic, legal, factual or other basis for their award, and the Parties hereby waive any right to seek, demand or compel disclosure thereof as they otherwise may have.

13. The Parties shall abide by and perform any interim or final award rendered by the Members of the AP, which shall be enforceable in any court of competent jurisdiction except, and notwithstanding anything herein to the contrary, as provided for in the Agreement which language will prevail.

14. Except as set forth in the immediately preceding paragraph, the Parties hereby submit to the jurisdiction of the United States District Court, Southern District of New York, and in the event of a jurisdictional issue, the courts of the State of New York with respect to any action or proceeding to confirm or enforce an award of the Members of the AP or any aspect of this CA . The Parties waive personal service of process in connection with such confirmation or enforcement proceedings, and provided there is service by certified mail or overnight courier at its last known address with a copy to the undersigned counsel for all of the Parties sent by like means simultaneously with the confirmation set forth herein.

15. The Members of the AP's award may not be appealed or otherwise submitted for review other than for purposes of enforcement in any tribunal, court or other forum, whether religious or civil, whatsoever. The foregoing constitutes a complete waiver of any legal or halachic right the Parties may otherwise have to proceed in any other such forum regarding adjudication of the Disputes.

16. The Members of the AP shall be entitled to their full fees and expenses as set forth herein in connection with their participation in any proceeding involving their decision[s] or the Disputes.

17. The Parties have agreed in the Agreement and herein that the decisions are of the Members of the AP are final, binding and not appealable; provided, however, if, in violation of that agreement any Party initiates a proceeding in any tribunal whatsoever, whether religious or civil, purporting to open, invalidate, modify or nullify the award on any ground whatsoever, including but not limited to due to a claim of the discovery of new evidence or of a procedural or other flaw, error or irregularity, that Party shall pay all legal costs as well as any expenses incurred by any other Party as well as the legal expenses of the Arbitrators plus their full arbitrators' fees and expenses regardless of the outcome of such proceeding.

18. Each Arbitrator, and counsel for Rabbi Kaufman, and each rabbinical advisor shall have the same common law immunity as a judge does from suits for damages or equitable relief and from compulsory process to testify or produce evidence based on or concerning any action, statement, or communication in or concerning his services pursuant to this CA as well as all privileges and immunities provided to arbitrators under the law of the State of New York.

19. If notwithstanding the foregoing any Party brings an action against any Arbitrator or Rabbi Kaufman's counsel or any rabbinic advisor, or naming the same as a party, in violation of that immunity, regardless of the theory of recovery under which such action may be brought, such Party shall be liable for and shall indemnify such Arbitrator, Rabbi Kaufman's counsel or rabbinic advisor for any liabilities, costs, and expenses, including attorneys' fees and lost professional time at the rates set forth herein that may be incurred in resisting that effort or as a result of that action.

20. No Party may depose, call as a witness, seek testimony from or subpoena any Arbitrator or rabbinical advisor or their respective counsel or Rabbi Kaufman's counsel in any legal, judicial or administrative proceeding of any kind, including but not limited to this Arbitration, for any reason whatsoever nor may any Party seek to obtain through any method whatsoever, including without limitation to produce any notes or documents related to the Arbitrator's or rabbinical advisors' services.  If any Party attempts to compel such testimony or production, such Party shall be liable for and shall indemnify such person for any liabilities, costs, and expenses, including attorneys' fees and lost professional time at the rates set herein.  The foregoing provisions are intended and agreed to be for the sole benefit of the respective Arbitrators and rabbinical advisors and their respective counsel for employment in their discretion and no Party is entitled to rely on them for any purpose or is intended to be a third-party beneficiary of them.

21. No Party shall, by signing this CA have waived, restricted, impaired or amended any right or privilege set forth in any other contract or the Agreement or to which such party,

including but not limited to those listed at items 1 – 5, is otherwise entitled under halacha or at law or equity, except with respect to adjudication of the Disputes. Besides the Arbitrators named herein and their respective counsel and, as specified, Rabbi Kaufman's counsel as well as the rabbinic advisors and their respective counsel, there are no intended beneficiaries hereof nor may any others besides the Arbitrators and their respective counsel, Rabbi Kaufman's counsel or the rabbinical advisors and their respective counsel seek to enforce the terms of this CA for their benefit, and no other person not a signatory to this CA is intended to be, nor shall any person be deemed to be, a third party beneficiary hereto or hereof.

22. The Arbitrators shall have full and final jurisdiction with respect to any question regarding the interpretation of this CA. Notwithstanding the foregoing, if any term or provision of this CA should be held by a court of competent jurisdiction to be contrary to or invalid under the law of any particular jurisdiction, such ruling shall not affect the validity thereof in any other jurisdiction nor shall such determination affect or impair the other terms or provisions of hereof.

23. The Parties bind themselves, from this very moment and onward, to all of the terms and provisions of the paragraphs set forth above and full and complete content of this CA with total awareness under the doctrines of *Bais Din Choshuv, Ofen HaMoel, Lo K'Asmachata U'Delo Ketufsa Deshtara*, and *HaKol Shorir V'Kayom.*

24. No condition or provision of this CA shall be invalid under the doctrine of *T'Nai Koffel* or any other halachic ground, all of which are hereby waived.

25. The Parties acknowledge they understand and comprehend all terminology used herein or have been given a full opportunity to seek independent explanation thereof as well as to obtain review of any provision or term hereof by independent counsel, rabbinic guide or other qualified person.

26. The Agreement is hereby amended as follows:

    a. Paragraphs 6 and 9 of the Agreement are amended to the extent that the "February 20, 2012" date listed therein is replaced with "two months from the date of the initial hearing";

    b. Paragraph 8 of the Agreement is amended to the extent that the "January 13, 2012" date listed therein is replaced with "February 10, 2012";

5

c. Paragraph 16 of the Agreement is amended to the extent that the "January 13, 2012" dates listed therein are replaced with "February 10, 2012", and the "January 17, 2012" dates listed therein are replaced with "February 10, 2012";

d. The first sentence of Paragraph 18 of the Agreement is amended to read as follows:

> The hearings shall take place before the Arbitration Panel as soon as possible or upon two (2) business days' notice after receipt of written notice from the Arbitration Panel, whichever is earlier, and shall be concluded on or before two months from the date of commencement.

e. The last two sentences of Paragraph 18 of the Agreement are amended to read as follows:

> It is the intention and desire of the Parties to cause the hearings to occur as soon as possible. It shall be the sole remedy of a Party if the Arbitration has not concluded on or before two months from the date of commencement to move to compel before the Court that the Arbitration Panel immediately conclude the Arbitration.

f. The first sentence of Paragraph 9 of the Agreement is amended to read as follows:

> 9. Contemporaneously with the execution of this Agreement by the Parties, Kolel shall deposit into an escrow account with the Escrow Agent the amount of $750,000 (the "Funds") and the Escrow Agent is authorized to use the Funds, without prejudice, to pay for fees and expenses due to WSFS relating to WSFS' acting as a securities intermediary for the Escrow Agent.

[*signature pages follow*]

KOLEL BETH YECHIEL MECHIL OF TARTIKOV, INC.

By: _Chaim Babad_

Title: _President_

Date: _2/6/12_

YLL IRREVOCABLE TRUST

By: _____

Title: _____

Date: _____

MERIDIAN TRUST COMPANY
as Trustee of YLL Irrevocable Trust, as nominee

By: _____

Title: _____

Date: _____

KOCHAV S.A.R.L., a LUXEMBOURG S.A.R.L.

By: _____

Title: _____

Date: _____

KOLEL BETH YECHIEL MECHIL OF TARTIKOV, INC.

By: _____

Title: _____

Date: _____

YLL IRREVOCABLE TRUST

*[signatures]*

By: ERNEST DOVER, TRACEY WILLIAMS-MORTON

Title: FOR MERIDIAN TRUST COMPANY LIMITED, TRUSTEE

Date: 7th FEBRUARY 2012

MERIDIAN TRUST COMPANY
as Trustee of YLL Irrevocable Trust, as nominee

*[signatures]*

By: ERNEST DOVER, TRACEY WILLIAMS-MORTON

Title: AUTHORISED SIGNATORIES

Date: 7th FEBRUARY 2012

KOCHAV S.A.R.L., a LUXEMBOURG S.A.R.L.

By: _____

Title: _____

Date: _____

Signature page 1 to Arbitration Contract

KOLEL BETH YECHIEL MECHIL OF TARTIKOV, INC.

_____

By: _____

Title: _____

Date: _____

YLL IRREVOCABLE TRUST

_____

By: _____

Title: _____

Date: _____

MERIDIAN TRUST COMPANY
as Trustee of YLL Irrevocable Trust, as nominee

_____

By: _____

Title: _____

Date: _____

KOCHAV S.A.R.L., a LUXEMBOURG S.A.R.L.

_[signatures]_

By: _MS. VALERIE EMOND | MR. ALBERTO MORANDINI_

Title: _MANAGERS_

Date: _07/03/2012_

Signature page **1** to Arbitration Contract

LIPSIUS-BENHAIM LAW, LLC
*Attorneys for Kolel*

By: _____
    Ira S. Lipsius
    80-02 Kew Gardens Rd. Suite 1030
    Kew Gardens, NY 11415

Date: _____

HOFFINGER STERN & ROSS, LLP
*Attorneys for YLL, Meridian and Kochav*

By: *Stephen R. Stern / by Marken Geske*
    Stephen R. Stern
    150 East 58th Street, 19th floor
    New York, NY 10155

Date: 2/10/12

Signature page **2** to Arbitration Contract