**RABBINICAL COURT**
**MONSEY, NEW YORK**

| | |
|---|---|
| KOLEL BETH YECHIEL MECHIL OF TARTIKOV, INC., <br><br> Plaintiffs, <br><br> v. <br><br> YLL IRREVOCABLE TRUST ("YLL") MERIDIAN TRUST COMPANY, AS TURSTEE OF YLL IRREVOCABLE TRUST, AND KOCHAV S.A.R.L. *ET AL.*, <br><br> Defendants. | DECISION, RULING AND AWARD |

Kochav S.A.R.L. ("Kochav"), together with the YLL Irrevocable Trust ("YLL") and Meridian Trust Company ("Meridian") – collectively referred to as the "YLL Parties," on the one hand – and Kolel Beth Yechiel Mechil ("Kolel") on the other hand have, irrevocably and unconditionally submitted all disputes, including all claims, counterclaims and cross-claims among them to binding arbitration (the "Arbitration") by an arbitration panel comprised of Rabbi Alexander Graus, Rabbi Moshe Bergman and Rabbi Shlomo Zalman Kaufman (the "Rabbinical Court") by their execution of a written agreement dated January 12, 2012 and amended February 7, 2012 (the "Arbitration Agreement").

That Arbitration Agreement speaks for itself, but in sum and substance it empowered the Rabbinical Court to rule pursuant to Torah law, compromise, settlement, or any other way they wish to reach a decision, and provided that the parties would abide by and perform any such ruling, including any interim or final award rendered by the Rabbinical Court. The parties, in the Arbitration Agreement, additionally warranted and represented to each other and to the Rabbinical Court that each of them fully understood the terms of the Arbitration Agreement and their rights and obligations incumbent upon each of them. They were given a full opportunity to review any provision or term by independent counsel, rabbinic guide or other qualified person and, by all indications, they took advantage of that opportunity and did seek and received such advice.

1



Moreover, the parties, by that agreement, waived personal service of process in connection with such confirmation or enforcement proceedings, provided there is service by certified mail or overnight courier at the last known address with a copy to the counsel for all the parties sent by like means simultaneously. Any ruling or award of the Rabbinical Court, it was agreed, would be enforceable in any court of competent jurisdiction. The parties also agreed to submit to the jurisdiction of the United States District Court, Southern District of New York (and in the event of a jurisdictional issue, to the courts of the State of New York) with respect to any action or proceeding to confirm or enforce any ruling or award herein, or any matter arising from the contract of arbitration or these proceedings.

The Rabbinical Court heard and examined the claims, counterclaims, responses, evidence, admissions and submissions of and by the above-mentioned parties in the course of eight lengthy hearings during the months of February, March and April of 2012. Kolel was represented by Ira S. Lipsius, Esq. and Philip M. Manela, Esq. from Lipsius-BenHaim Law LLP, 80-02 Kew Gardens Road, Kew Gardens, New York 11415 and Rabbi Naftali Meir Babad (*To'en*, i.e., a rabbinical law advocate).

For this phase of the arbitration, the YLL Parties were represented by Stephen R. Stern, Esq. and Mark Geisler, Esq. of Hoffinger, Stern and Ross, LLP, 150 East 58th Street, 19th floor, New York, New York 10155 and Rabbi Gershon Spiegel (*To'en*).

After these proceedings, the Rabbinical Court issued a Preliminary Award on April 10, 2012. The Preliminary Award provided that the forty-three (43) Insurance Policies held by Wilmington Savings Fund Society (WSFS) on behalf of Escrow Agent Rabbi Shlomo Zalman Kaufman immediately be transferred to Kolel.

That ruling was subsequently challenged, in contravention of multiple explicit provisions of the Arbitration Agreement, by the YLL Parties through litigation originally filed in New York State Supreme Court. The matter was removed to the United States District Court for the Southern District of New York. After extensive motion practice in that court, the Hon. Victor Marrero confirmed the Preliminary Award.

Ultimately, the order of the United States District Court for the Southern District of New York, entered on July 27, 2012, (1) denying the YLL Parties' motion for vacatur of the Preliminary Award and (2) granting the motion by Kolel to confirm the Preliminary Award, was affirmed by the Second Circuit on August 30, 2013.

While the appeal was pending the YLL Parties challenged the ruling in a separate motion, which was also before the Hon. Victor Marrero. In that action for policy benefits, the YLL Parties asserted that the Preliminary Award did, or could, only address the issue of premium payments and not policy benefits. After motion practice in that court, the Hon. Victor Marrero ruled that the Preliminary Award could and did effectuate the adjudication of rights to all policy benefits. Upon motion by the LL Parties, the Second Circuit Court of Appeals refused to stay Judge Marrero's decision.

Approximately one and a half years later the parties returned to deal with other issues including, but not limited to damages and reimbursement of various expenses and legal fees pursuant to the Arbitration Agreement. Hearings were scheduled and held on November 21, 2013, December 16, 2013, December 18, 2013 and December 20, 2013. A licensed New York State court reporter was present and recorded each and every one of the Rabbinical Court sessions in their entirety.

Kolel was represented by Ira S. Lipsius, Esq. and Philip M. Manela, Esq. of Lipsius-BenHaim Law LLP, 82-02- Kew Gardens Road, Kew Gardens, N.Y. 11415 and Rabbi Naftali Meir Babad as *to'en*. The YLL Parties were represented by David N. Gehn, Esq. and Brian D. Graifman Esq. of Gusrae Kaplan and Nusbaum PLLC, 120 Wall Street 25th floor, New York, New York 10005. Philip J. Loree Jr., Esq. of Loree & Loree Law, 7 Bay view Terrace, Manhasset, New York 11020 also appeared on behalf of the YLL Parties.

Although given notice of these hearings, Rabbi Moshe Bergman, the arbitrator selected by the YLL Parties, did not attend any of these November and December 2013 hearings. Rabbi Gershon Spiegel, *to'en* for the YLL Parties, did not appear either.

The YLL Parties failed to submit any documents supporting their position or to produce any witnesses, notwithstanding emphatic and repeated representations by attorney Loree that at least one witness would testify and that documents would be submitted on behalf of his client. On December 17, 2013, Mr. Loree sent the Rabbinical Court an E-mail stating that Mr. Ronnie Katz, the promised witness, would not appear as scheduled on December 18, 2013 due to bad weather; he had, it was claimed, planned to drive from Memphis Tennessee to New York by car. It was represented to the Rabbinical Court that Mr. Katz would testify in person on December 20, 2013. Mr. Ben Fishman was scheduled to testify on behalf of Kolel, though Kolel informed all parties and the Rabbinical Court that Mr. Fishman's testimony was not expected to be necessary, and would not be offered, unless and until Mr. Katz testified on the 20th.

The December 20, 2013 hearing did proceed, but without either Mr. Katz or, in light of his absence, Mr. Fishman's testimony. After hearing the arguments and responses of both parties and reviewing all documentary evidence in the record – which consisted only of documents submitted by Kolel, despite the ample-opportunity provided the YLL Parties to do the same – the Rabbinical Court, per the advice and representation of the parties that they had completed their presentation and agreed that the hearings should be closed, did close the proceedings.

Subsequently, on December 24, 2013, Mr. Loree sent to the Rabbinical Court an E-mail alleging that the reason his clients' witness Ronnie Katz did not testify was because he received an implied threat or was subject to alleged physical intimidation. This was the first time such a claim was heard. The YLL Parties did not provide any evidence to substantiate these allegations.

Kolel subsequently offered to stipulate that Mr. Katz testify over the phone, and the Rabbinical Court's neutral arbitrator offered to conduct his examination via Skype, which would permit the use of video as well as sound. The YLL Parties declined this offer, reassuring the Rabbinical Court that Mr. Ronnie Katz would appear in person. Nonetheless, in his December 24, 2013 communication to the arbitration panel, their counsel, Mr. Loree, stated that due to fear of retribution – again, not substantiated – the YLL Parties would not provide any documents or divulge any information to support their $4,160,000.00 restitution claim.

The YLL Parties consistently refused to agree to or even suggest alternate means by which the Rabbinical Court could be provided to any evidentiary material in support of their claims or defenses. This refusal continued even after the Rabbinical Court offered to retain a forensic accountant and investigator to investigate and review all documents that would substantiate the veracity of the YLL Parties' claims.

This placed the Rabbinical Court in a quandary with respect to crediting the factual claims of the YLL Parties, which ultimately were submitted to the Rabbinical Court solely on the basis of representations by counsel. For example, at the hearings the YLL Parties insisted that they had paid a premium for the Lincoln National Policy on the life of Mrs. Edith Goldstein, and promised to provide proof of the same no later than Tuesday December 24, 2013. Documentary evidence of such payment would be, to say the least, fundamental, basic and central to substantiating it. Moreover such proof is of a routine, ministerial and ordinary nature, and should be readily available to one claiming its existence. Yet in fact no such documentation was ever submitted to the Rabbinical Court.

It should be reiterated that not only have the YLL Parties consistently failed to submit even the most basic evidence in support of their positions, but they have consistently promised to do so and then failed, providing only belated and unsubstantiated excuses and rationalizations. In short, Mr. Loree assured the Rabbinical Court that (1) his clients' witness would appear; (2) he would produce proof of payment; and (3) he would substantiate his clients' restitution claim. Yet in the end not one of these things occurred.

Mr. Loree corresponded with the Rabbinical Court again on December 30th 2013, providing documents which were provided to the Rabbinical Court and considered by the Rabbinical Court in 2012. As of this date, Mr. Loree has still not provided any substantive evidence. The Rabbinical Court was provided with a recent taped conversation between Mr. Ronnie Katz and Mr. Ben Fishman as well as a recording of a conversation with the carriers' representative extending the time for reinstatement of the above mentioned Lincoln National Policy, and listened carefully to both. The Rabbinical Court's conclusion, however, is that even if this were to be considered proper evidentiary material, they provide no foundation for the YLL Parties' positions in the Arbitration.

In light of the foregoing, as well other facts and circumstances known to all the parties, as well as upon the party's subsequent submissions and communications to the Rabbinical Court, and for other good cause, the Rabbinical Court hereby RULES AS FOLLOWS:

1. The YLL Parties' request that the Rabbinical Court reconsider its ruling Preliminary Award is denied, the YLL Parties having presented neither valid arguments for doing so or submitted any evidence suggesting that it should be revisited;

2. The YLL Parties' claim for restitution is denied, in part upon the complete lack of documentary or testimonial evidence to support such claim;

3. The Rabbinical Court hereby directs the YLL Parties to immediately instruct and authorize Lincoln National to pay the Policy death benefit on the life of Mrs. E. Goldstein to Kolel, to execute or provide and to cooperate with any reasonable request to execute or provide all documents, authorizations or other devices or mechanisms necessary to effectuate such payment on an expedited basis;

4. Kolel is hereby awarded the following sums for damages arising from the YLL Parties' breach of the Arbitration Agreements. Plaintiff did provide documentation and agreed to allow neutral arbitrator's attorney to review in camera Kolel attorney's records, files and invoices, to decide whether the legal billings were normal and customary.

   $226,970.82 - Christiana Wilmington Savings fund Society, FSB ("WSFS") fees
     12,000.00 - John Hancock's litigation fees and expenses.
    210,000.00 – Lipsius Ben-Haim Law (Kolel legal fees and expenses)
     40,000.00 – Goetz Fitzpatrick LLP (Rabbinical Court legal fees and expenses)
   $488,970.82 – TOTAL DUE

   This monetary award shall be paid within thirty (30) days of issuance of this ruling.

5. The YLL Parties shall reimburse Kolel for future legal fees and expenses incurred by Kolel to secure compliance with this Decision, Ruling and Award, in amount to be determined by the Rabbinical Court upon submission and consideration of evidence of such payment and appropriate supporting;

5

6. The Hon. Victor Marrero correctly ruled that the Preliminary Award could and did effectuate the adjudication of rights to all policy benefits. In accordance with the Preliminary Award, any and all benefits or proceeds from any of the forty three (43) insurance policies that constituted the subject matter of the Arbitration shall, upon maturity (i.e., death of an insured), be paid solely to the Kolel. The YLL Parties shall execute or provide, and shall cooperate with any reasonable request to execute or provide all documents, authorizations or other devices or mechanisms necessary to effectuate such payments and shall neither attempt to cause others to withhold, prevent or delay payment of any such benefits to Kolel.

7. In accordance with the preliminary Award, all such policies are hereby deemed and adjudged to be for all lawful purposes the property, in every respect, of Kolel, and Kolel is authorized to take any actions with respect to these policies or to do whatever it deems proper with them, including taking physical possession of them. The YLL Parties shall no longer be permitted access to any information (billing, cancellations, lapses, etc.) regarding the policies, and all third parties concerned with these policies' administration or maintenance are hereby directed to act in accordance with this Decision, Ruling and Award in connection with these matters.

8. In particular, and without limitation as to any of the foregoing, YLL Parties shall within five (5) days hereof, dismiss with prejudice the action filed by them in United District Court for the Eastern District of New York seeking to prevent policy benefits from being paid to Kolel.

The foregoing award is mandatory and is made without prejudice to such further proceedings as may be held herein. The exclusive jurisdiction of the Rabbinical Court over the Parties shall and does continue until all matters have been resolved and adhered to as determined by the Rabbinical Court.

The Rabbinical Court reminds all the parties to the Arbitration that, pursuant to the agreement amongst them, all matters pertaining to compliance or clarification of the Rabbinical Court's decisions shall be within the framework of Halacha (Jewish Law) and secular law as set forth in the agreement and should be addressed to the Rabbinical Court in the first instance.

This is a final ruling as to all issues currently before the Rabbincal Court.

This Ruling and Award may be submitted to the above specified court for confirmation or enforcement as any party deems necessary.

If there remains other pending or unresolved matter or if new issues arise or if clarification and/or interpretation are needed to any of the Rabbinical Court's decisions, the parties are hereby directed to return to this Rabbinical Court.

Dated 1/2/14    Rabbi Shlomo Zalman Kaufman _____

SHLOIMA BERGER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01BE6162826
QUALIFIED IN ROCKLAND COUNTY
COMMISSION EXPIRES MARCH 19, 2015

Dated 1/2/2014   Rabbi Alexander Graus _____

ANNIE MANN
Notary Public, State of New York
No. 24-5000502
Qualified in Kings County
Commission Expires 9/17/14

Dated_____    Rabbi Moshe Bergman _____

7